**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **PAULA ROCHA,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. CIV-25-468-G** |
| **EDWIN HOOTEN et al.,** | ) | |
| **Defendants.** | ) | |

**ORDER**

Plaintiff Paula Rocha brings state-law negligence claims against Defendants Edwin Hooten and Central Oregon Truck Company, LLC ("COTC") in this diversity action. *See* Compl. (Doc. No. 1-2). Now before the Court are Plaintiff's Motion to Compel (Doc. No. 26) and Defendant COTC's Response (Doc. No. 28).

*I. Relevant Standards*

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure,

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Generally, control of discovery is entrusted to the sound discretion of the trial courts." *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1164 (10th Cir. 2010) (internal quotation marks omitted).

Rule 34 prescribes that a party may serve on any other party a request to produce,

subject to the scope of Rule 26(b), "any designated documents or electronically stored information" "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The responding party must then either produce the documents or information or "state with specificity the grounds for objecting to the request, including the reasons." *Id.* R. 34(b)(2)(B).

As relevant here, Rule 37(a) prescribes that a party may move to compel another party to provide additional documents and information. *See id.* R. 37(a)(3)(B)(iv), (4). "Despite the liberal breadth of discovery allowed under the federal rules, the proponent of a motion to compel discovery still bears the initial burden of proving that the information sought is relevant." *Dotson v. Experian Info. Sols., Inc.*, No. CIV-17-575-D, 2019 WL 440588, at *5 (W.D. Okla. Feb. 4, 2019) (internal quotation marks omitted). The proponent must also show "that the opposing party's answers are incomplete." *Pendergraft v. Bd. of Regents of Okla. Colls.*, No. CIV-18-793-D, 2021 WL 5334209, at *1 (W.D. Okla. July 12, 2021) (internal quotation marks omitted).

*II. Plaintiff's Motion to Compel*

Plaintiff alleges that on December 8, 2022, she was in a vehicle collision with a truck driven by Defendant Hooten and owned by Defendant COTC. *See* Compl. ¶¶ 6, 8.

In the disputed requests for production ("RFPs"),[1] Plaintiff sought the following from Defendant COTC:

> RFP No. 2: [A]ny and all collision and/or incident reports and investigations prepared by Defendant as a result of the crash

[1] Although Plaintiff's Motion references RFP Nos. 2, 5, and 7, from context it appears that Plaintiff intended to cite RFP Nos. 2, 4, and 7.

other than the police reports . . . .

RFP No. 4: [T]he accident register maintained as required by federal regulations.

RFP No. 7: [T]he entire drug and alcohol file of co-defendant, Edwin Hooten, including but not limited to, pre-employment, post-accident, random, reasonable suspicion, and return to duty and alcohol testing results.

Pl.'s Mot. to Compel at 9-10.

Defendant COTC responded by producing to Plaintiff a COTC Accident Form (COTC_000975) with the answers to four inquiries redacted: what was the "Root Cause"; was the accident preventable; did an employee violate company policy; and whether additional training was assigned to an employee. *Id.* at 1, 26.

Plaintiff's Motion requests that the Court compel Defendant COTC to produce an unredacted copy of the Accident Form. Plaintiff also asks that she be permitted to question COTC's corporate representative as to the contents of the Accident Form. *See id.* at 1-2.

Defendant COTC responds, first, that Plaintiff's ostensible intended use for the requested discovery is impermissible and that the discovery is therefore "marginally relevant, and often inadmissible." Def.'s Resp. at 2, 5-6. As stated in Federal Rule of Civil Procedure 26, however, "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). This objection is overruled.

Defendant COTC next responds that Plaintiff's request for information regarding a "root cause" or "preventability" of the accident seeks material protected from discovery by 49 U.S.C. § 504(f), which provides:

> No part of a report of an accident occurring in operations of a motor carrier . . . and required by the [Department of Transportation ("DOT")] . . . may be admitted into evidence or used in a civil action for damages related to a matter mentioned in the report . . . .

49 U.S.C. § 504(f); *see* Def.'s Resp. at 2-5.

Pursuant to 49 C.F.R. § 390.15, "[m]otor carriers must maintain an accident register for 3 years after the date of each accident" that includes a list of accidents, certain details about each accident, and copies of accident reports. 49 C.F.R. § 390.15(b)(1), (2); *see also* Pl.'s RFP No. 4. Although the parties offer minimal information regarding the Accident Form, it is clearly a printout from an internal review generated by COTC's own personnel and not the DOT-mandated accident register. *See* Pl.'s Mot. to Compel at 26.

In addition, there has been no showing, through affidavit evidence or otherwise, that the redacted items on the Accident Form were "required for the [DOT] accident register" or "ha[ve] been requested by DOT through an audit or otherwise." *Sykes v. Bergerhouse*, No. CIV-20-333-G, 2021 WL 5098291, at *2 (W.D. Okla. Nov. 1, 2021) (citing 49 C.F.R. § 390.15(a)(1)). The protection granted by 49 U.S.C. § 504(f) "does not extend to regularly-gathered information that the carrier acquires and uses to fill in the blanks on" a DOT accident register. *Sajda v. Brewton*, 265 F.R.D. 334, 341 (N.D. Ind. 2009). Nor does the statute "extend itself to documents used to generate" the DOT accident reports. *Id.* (finding that "internal investigations by the carrier" are not protected under § 504(f)). Accordingly, the Accident Form is not protected by the statutory privilege of 49 U.S.C. § 504(f) and must be produced without redactions. *See Sykes*, 2021 WL 5098291, at *2.

CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel (Doc. No. 26) is GRANTED.

Defendant COTC shall supply an unredacted version of the Accident Form to Plaintiff within seven (7) days of the date of this Order. Defendant COTC's corporate representative "must testify about information known or reasonably available to the organization" regarding the unredacted Accident Form. Fed. R. Civ. P. 30(b)(6).

The Court declines to award expenses at this time.

IT IS SO ORDERED this 28th day of September, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge